CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2005

JOHN F. CORCORAN, CLERK
BY:
 DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

GEORGE L. SPENCER,                )
     Plaintiff,                        )     Civil Action No. 7:05-cv-00627
                                  )
v.                                )     **MEMORANDUM OPINION**
                                  )
DR. PAUL WILLIAMS, et. al.,       )     By: Hon. James C. Turk
     Defendant(s).                     )     Senior United States District Judge

Plaintiff George L. Spencer, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Spencer alleges that prison officials at Red Onion State Prison (ROSP) violated his constitutional rights by failing to provide him with adequate medical care for his diabetes. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

## I.

Spencer alleges the following sequence of facts from which his claims arise. On February 16, 2004, Spencer complained to a nurse that he needed to have his blood sugar checked. She told him that she did not have an order from a doctor requiring daily finger blood sugar tests, but that Spencer could put in a request. He did so. The next day the nurse did a finger stick test of Spencer's blood sugar and found that it was low. His blood pressure was also low. The nurse put him on the doctor's list. On February 19, 2004, Dr. Williams examined Spencer. The inmate told the doctor that nurses claimed they had no doctor's order for finger sticks. The doctor told Spencer that his

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

blood sugar only needed to be checked every three months, that he was going to try discontinuing Spencer's diabetic medication for a couple of days and that Spencer should inform the doctor if he was having serious headaches. The doctor also told Spencer that he intended to perform three blood tests for glucose levels. Spencer refused to let the nurse draw blood. When the doctor visited with him at his cell door on March 3, 2004, and asked him why, Spencer told the doctor that he would not allow the nurse to draw blood because she had drawn two tubes of blood only three months before and a finger stick test was sufficient to check his glucose levels. The doctor informed Spencer that if he refused the blood test, the doctor would not prescribe the diabetic medication and would write in the medical records that Spencer had refused medical care. The nurses refused Spencer's requests for daily finger stick tests because the doctor did not order them. Other officers allegedly failed to comply with the prison's grievance procedure when Spencer attempted to file grievances about his medical care.

Spencer filed this § 1983 action, suing the doctor, two nurses, the warden, and two officers who addressed his grievances, seeking monetary damages and injunctive relief to obtain a transfer and daily finger stick tests. Spencer believes that Dr. Williams lied to him about the real reason for the blood tests and that Spencer actually has a disease called Myeloma and Metastatic for which Dr. Williams is refusing to treat him.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A prison official's deliberate indifference to an inmate's serious medical needs

2

violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999); Sheldon v. C/O Pezley, 49 F.3d 1312, 1316 (8th Cir. 1995). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment except in extraordinary circumstances. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

The Fourth Circuit Court of Appeals has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Id.; Smith v. Berry, 985 F.2d 180, 184 (4th Cir. 1993)(affirming directed verdict for prison guards not in position to "act meaningfully" with regard to inmate's medical

3

needs).

Inmates do not have a constitutionally protected right to a grievance procedure. <u>Adams v.</u> <u>Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994). Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with state prison grievance procedures is not actionable under §1983. <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). Moreover, because state grievance procedures are separate and distinct from state and federal legal procedures, prison officials' failure to comply with state grievance procedures does not compromise an inmate's right of access to the courts. <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991).

### III.

Under these principles, Spencer's allegations fail to state any claim actionable under § 1983. First, Spencer does not allege facts indicating that anyone ignored his serious medical condition of diabetes. Rather, he disagrees with the manner in which the medical staff addressed his condition. By Spencer's own admission, Dr. Williams examined Spencer and reviewed his records, and then made a medical judgment that Spencer did not require daily finger stick tests and should get blood tests every three months instead. The nurses rightfully relied on the doctor's judgment, and as he did not order daily finger stick tests, they did not perform such tests. Dr. Williams also decided to do some extra blood work and experiment with taking Spencer off a certain medication for a few days. In refusing to comply with the doctor's treatment plan, Spencer voluntarily refused the offered treatment in an effort to obtain the treatment he wanted. His mere belief that he should receive different treatment for different ailments does not demonstrate that Dr. Williams' treatment plan was an unreasonable response to the risks presented by Spencer's medical condition. Even if Spencer

4

could somehow show that Dr. Williams misdiagnosed his medical needs, this fact would not prove that the doctor acted with deliberate indifference to a known risk of harm. Thus, Spencer fails to allege facts stating any constitutional claim against the medical staff regarding his course of medical treatment. To the extent that he may have some claim against the doctor for misdiagnosis, such a claim is not actionable under § 1983, and the court declines to exercise supplemental jurisdiction over such state law claims. See 28 U.S.C. § 1367(c).

Second, Spencer also fails to state any constitutional claim against other officers who addressed his grievances. These officials, like the nurses, rightfully relied on Dr. Williams' professional assessment of Spencer's course of medical treatment. Moreover, if any officer misapplied the state's grievance procedures in some way, as Spencer alleges, such actions did not affect his constitutionally protected rights.

For the foregoing reasons, the court finds that plaintiff's complaint must be dismissed, pursuant to §1915A(b)(1), for failure to state any actionable claim. Furthermore, as Spencer's allegations do not give rise to any actionable claims, he fails to demonstrate exceptional circumstances warranting court-appointed counsel. See Mallard v. United States District Court, 490 U.S. 296, 309 (1989); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds, Mallard, 490 U.S. at 309. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant(s).

ENTER: This _19th_ day of October, 2005.

_James C. Turk_
Senior United States District Judge

5